Mrs. Beatrice ASHBY, Relator,

v.

Lillian Ashby MOORES et al., Respondents.

No. 6959.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 7, 1957.

James F. Gray, William W. Sweet, Jr., Dallas, for relator.

Bath, Turner & Lloyd, Henderson, for respondents.

CHADICK, Chief Justice.

The relator being dissatisfied with the result of a trial in the County Court of Rusk County in which Alton A. Ashby was appointed permanent guardian of her person and estate appealed such judgment to the 4th Judicial District Court of Rusk County.

The cause now appears on the District Court docket as No. 22,818, styled "In the Matter of Beatrice Ashby." Thereafter on November 5, 1956, under the same number and style she filed her application with the District Judge for leave to file petition for writ of mandamus ordering and directing the County Judge to set a supersedeas bond to supersede the judgment in the county court guardianship case. Leave was granted, and petition filed, and after hearing the District Court of Rusk County on November 16, 1956, entered its order denying the writ of mandamus.

Examination of the transcript shows that cause No. 22,818 styled, "In the Matter of Beatrice Ashby," is untried and undisposed of insofar as its principal issue, the guardianship phase, is concerned, and remains untried upon the court docket, and that the petition for mandamus filed therein is ancillary to the guardianship proceeding in that it is brought to compel the grant of an asserted privilege of the relator in connection with the guardianship proceeding.

The order denying the writ of mandamus is merely an ancillary process in the pending suit and is not a final judgment therein. See 4 McDonald Texas Civil Practice, pp. 1306–1314.

As set out above, the judgment denying the writ was entered by the District Judge November 16, 1956. Twenty-four days later on December 11th, relator filed her appeal bond. The transcript on appeal was filed January 4, 1957, forty-nine days after judgment was entered.

Rule 385, Texas Rules of Civil Procedure, requires that appeal bonds in appeals from interlocutory orders be filed within twenty days from entry of judgment and the transcript be filed in the appellate court within twenty days unless an extension be granted.

It is not necessary to determine whether this order is appealable as it appears that this Court would have no jurisdiction to entertain an appeal because the appeal bond and transcript have not been timely filed.

The appeal in this case is dismissed.